IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN THERON, | CIVIL NO. 3:CV-11-1941 |
| Petitioner | |
| | (Judge Munley) |
| v. | |
| ERIC HOLDER, JR., ATTORNEY GENERAL, et al., | |
| Respondents | |

## MEMORANDUM

John Theron ("Theron"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 19, 2011. (Doc. 1). He seeks to proceed in forma pauperis. (Doc. 2.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be referred to ICE as a request for review in accordance with 8 C.F.R. §§241.4(c)(1) and 241.13.

I. **Background**

Theron, a native and citizen of South Africa, entered the United States on December 23, 1987, at New York, New York, and was admitted as a nonimmigrant B2 visitor, with authorization to remain in the United States for a temporary period not to exceed June 22,

1988. (Doc. 1, at 9.) In 2010, he "was convicted of possession wit[h] intent to deliver and was sentence[d] to 9-18 months which is under direct appeal." (Doc. 1, at 2, ¶ 13.) An immigration judge ordered him removed from the United States on January 19, 2011. (Id.) The Board of Immigration Appeals dismissed his appeal on April 22, 2011. (Id.)

On July 22, 2011, the Field Office Director issued a decision to continue Theron's detention stating as follows: "Due to your criminal convictions, you appear to be a threat to the community. ICE believes that a travel document for you will be forthcoming in the near future. At this time you are not amendable [sic] for release on an Order of Supervision." ((Doc. 1, at 9.) He was further advised that if he was not released or removed from the United States by October 19, 2011, jurisdiction of the custody decision would be transferred to the Headquarters Case Management Unit (HQCMU).

Theron filed the instant petition on October 19, 2011, seeking relief from "unlawful detention." (Doc. 1, at 1.) Attached to his petition is a "Request for Review" which he forwarded to ICE Headquarters Post-Order Detention Unit ("HQPDU") on October 10, 2011.[1]

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to

---

[1] The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). See Tung Thanh Hoang v. Decker, Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D.Pa. Oct. 31, 2008) (Vanaskie, J.).

2

remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the

3

Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six-month period began running on April 22, 1011, the date his removal order became administratively final. At the conclusion of the mandatory detention period, he was served with a written decision ordering his continued detention. Based on the "Decision to Continue Detention" issued on July 22, 2011, (Doc. 1, at 9), it is clear that the district director retained jurisdiction to make a determination concerning custody up until October 19, 2011, at which time jurisdiction of the custody decision was transferred to the HQCMU. Theron filed the instant petition on the very date that the custody decision was transferred. Further, it appears that Theron filed a written request for release with the HQPDU nine days prior to filing this petition. Because there is no indication that there has been a decision issued on this request, ICE will be ordered to treat

this petition as a request for release in accordance with 8 C.F.R. §§241.4(c)(1) and 241.13.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate Order accompanies this Memorandum.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 25, 2011